18 .

E. R. CHAMNESS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 21, 1933.*

E. N. NEVINS, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

This cause comes before the court upon three separate claims filed by Dr. E. R. Chamness of Carlinville, Illinois, and by stipulation of counsel, cases No. 1965 and No. 1966 have been consolidated with case No. 1967. The claimant in this case is the same Dr. E. R. Chamness who testified as a witness in the case of Henry Z. Cox, Court of Claims No. 1820. It appears from the record herein that Dr. Chamness is a practicing physician and surgeon and is the owner of the Macoupin Hospital at Carlinville, Illinois. On June 25, 1931 Henry Z. Cox was an employee of the State of Illinois, working under the Highway Department, and while engaged in such employment, sustained an injury to his right hand. He was sent to Dr. Chamness for treatment, and the amount of the latter's bill for such service is Twenty Dollars ($20.00). Harlan Shaw was also an employee of the State and was injured at the Reader State Plant in Macoupin County on October 23, 1930 in the course of his duties, necessitating x-ray examinations, sutures, dressing of wounds, etc., including facial and scalp wounds. He, too, was referred by a superior in the department to Dr. Chamness for treatment, and the latter's bill for such services is Sixty-five Dollars ($65.00). Mr. Donald Kairns was employed by the State of Illinois on State Aid Route 108 and on June 27, 1931 sustained an injury to his right hand and received medical attention from Dr. Chamness, for which the latter has filed his claim in the sum of Nineteen and 50/100 Dollars ($19.50).

These bills all seem to be recognized by the Highway Department as fair and reasonable for the services rendered,

but for some reason the bills were not presented to the State in regular course until after the appropriation from which they could have been paid had lapsed.

The claims appearing to be legal and proper and the allowance of same being within the jurisdiction of this court, same are found to be just and proper claims, and the consolidated claim in the sum of One Hundred Four and 50/100 Dollars ($104.50) is allowed in favor of the claimant and in settlement of these three claims.